**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **THOMAS LUCAS, ON BEHALF OF IVY MCCOY,**<br><br>      **Plaintiff,**<br><br>   v.<br><br>**MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,**<br><br>      **Defendant.** | **Case No. 2:11-cv-429**<br><br>**Judge Peter C. Economus**<br><br>**MEMORANDUM OPINION AND ORDER** |

This matter is before the Court for consideration of two claims, addressed separately in two Reports and Recommendations by the Magistrate Judge. Claimant Ivy McCoy applied for (1) supplemental security income and (2) disability insurance benefits, both of which were denied by the Administrative Law Judge ("ALJ"). McCoy died while her request for review was pending, and her son, Plaintiff Thomas Lucas, became the substitute party. For the reasons set forth below, Plaintiff's claim for supplemental security income is **DISMISSED** for lack of jurisdiction, and the ALJ's decision denying disability insurance benefits is **AFFIRMED**.

**I.**     **Claim for Supplemental Security Income**

On January 6, 2012, Defendant filed a motion to dismiss Plaintiff's claim for supplemental security income. (Dkt. 15.) Because supplemental security income cannot be paid to a claimant's surviving child, Defendant asserts that Plaintiff lacks standing to assert the claim, and the Court therefore lacks subject matter jurisdiction. In his March 7, 2012 Report and Recommendation, the Magistrate Judge recommended that the motion be granted. (Dkt. 19.) No objections have been filed. The Court hereby **ADOPTS** the Magistrate Judge's March 7, 2012 Report and Recommendation (Dkt. 19) and **GRANTS** Defendant's motion to dismiss (Dkt. 15).

**II.     Claim for Disability Insurance Benefits**

Plaintiff alleges that McCoy became disabled and unable to work on February 2, 2006, at age 42, due to degenerative disc disease of the cervical spine, diabetes mellitus, obesity, post-traumatic stress disorder, and generalized anxiety disorder. (Compl. ¶ 4; R. 34.) The ALJ determined that McCoy suffered from those conditions (R. 21–22) but retained the residual functional capacity to perform light work (R. 27–28) and therefore was not disabled (R. 35).

Plaintiff asserts that the ALJ's determination should be overturned for two reasons: (A) the ALJ failed to follow the treating physician rule and (B) the ALJ failed to properly evaluate McCoy's credibility. (Dkt. 10.) In a Report and Recommendation dated March 30, 2012, the Magistrate Judge recommended that the Commissioner's decision be affirmed as to Plaintiff's claim for disability insurance benefits, finding that substantial evidence supports the ALJ's determination that McCoy was not disabled within the meaning of the Social Security Act. (Dkt. 20.) Plaintiff filed objections. (Dkt. 22.)

Having reviewed the record *de novo*, the Court determines that substantial evidence supports the ALJ's determination that McCoy was not disabled within the meaning of the Act.

**A.     Treating Physician Rule**

Plaintiff asserts that the ALJ failed to follow the treating physician rule when he rejected the opinions of McCoy's treating psychiatrist, Dr. Heather Rohrer, and McCoy's treating primary care physician, Dr. Edward Tribuzio.

Under the treating physician rule, the ALJ must give controlling weight to a treating source's opinion if that opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. 20 CFR § 404.1527(c)(2).

The ALJ must "always give good reasons" for the weight he gives a treating source's opinion. 20 C.F.R. § 404.1527(c)(2), and "[t]hose good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) (quoting Soc. Sec. Rul. No. 96-2p, 1996 SSR Lexis 9, at *12 (Soc. Sec. Admin. July 2, 1996)).

If the ALJ declines to give a treating source's opinion controlling weight, he must then balance the following factors to determine what weight to give it: "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and specialization of the treating source." 20 CFR § 404.1527(c)(2); *see also Cole*, 661 F.3d at 937; *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

The Sixth Circuit has noted that "[b]alancing the *Wilson* factors is required to satisfy the second prong of the treating physician rule." *Cole*, 661 F.3d at 938. A remand is not required, however, if the ALJ "[meets] the goal of § 1527(d)(2)—the provision of the procedural safeguard of reasons—even though [he] has not complied with the terms of the regulation." *See Wilson*, 378 F.3d at 547 (noting that some violations of the procedural requirement of 20 C.F.R. § 404.1527(d)(2) may constitute harmless error).

### 1. *Treating Psychiatrist*

The Magistrate Judge's Report & Recommendation sets forth a detailed description of the records of McCoy's treating psychiatrist, Dr. Rohrer, which are briefly summarized here. Dr. Rohrer diagnosed McCoy with post-traumatic stress disorder, generalized anxiety disorder, dysthymia, and dependent personality disorder (R. 331); and assigned her Global Assessment of Functioning ("GAF") scores between 45 and 62. Dr. Rohrer opined that McCoy's methadone

3

use adversely affected her cognitive functioning (R. 336), and that her "physical illnesses have *major* impact on her emotional status" (R. 338 (emphasis in original).)  Dr. Rohrer opined that McCoy had marked limitations, defined as effectively precluding her from performing the activity in a meaningful way, in (1) completing a workweek without symptom-based interruptions and performing at a consistent pace without an unreasonable number and length of breaks, (2) interacting appropriately with the public, and (3) getting along with peers without distracting them or exhibiting behavioral extremes.  (R. 335.)  McCoy had moderate limitations, defined as significantly affecting but not totally precluding her from performing the activity, in (1) understanding and remembering one or two step instructions, (2) carrying out simple one or two step instructions, (3) maintaining attention and concentration for extended periods, (4) making simple work related decisions, and (5) setting realistic goals or making plans independently.  (R. 334–36.)

The ALJ reported that he "did not attach any significant weight to" Dr. Rohrer's opinions (R. 32), for the following reasons.

      *i.*    *Alleged failure to define terms.*  Although the above terms "marked" and "moderate" are defined on the form used by Dr. Rohrer (R. 333–34), the ALJ indicated that Dr. Rohrer had not defined those terms (R. 32–33).  The Magistrate Judge acknowledged this error in his Report & Recommendation.

      *ii.*    *Reliance on McCoy's physical complaints.*  Apparently relying on McCoy's own reports regarding her physical condition, Dr. Rohrer opined that McCoy's "physical illnesses have *major* impact on her emotional status" and that "physical pain [is a] major problem" for McCoy.  (R. 338, 353 (emphasis in original).)  Because the ALJ found McCoy's reports regarding her physical condition to be unreliable, he determined that Dr.

4

Rohrer's reliance was misplaced. (R. 32.) Plaintiff maintains that Dr. Rohrer provided detailed opinions only on McCoy's mental limitations, and asserts that "mental health issues are often inextricably intertwined with physical complaints of pain." (Dkt. 22 at 2.) While McCoy's mental and physical health may have been connected, substantial evidence supports the ALJ's determination that Dr. Rohrer's reliance on McCoy's reports was misplaced.

      *iii. Recommended course of treatment.* The ALJ found that "Dr. Rohrer's recommended course of treatment does not support a conclusion that the claimant has been limited to the extent that her assessment suggests." Dr. Rohrer recommended only one 30 minute session monthly for medication management and one 15 minute monthly clinic visit. The ALJ noted that "the record establishes treatment on a less frequent basis. In fact, Dr. Rohrer saw the claimant in May 2008, after not seeing her for seven months and reported that she did not need to be seen until two months later." (R. 32-33 (citations omitted).) Plaintiff mistakenly focuses on the ALJ's apparent reference to McCoy's failure to adhere to Dr. Rohrer's recommended treatment plan. The ALJ's reason was based on "Dr. Rohrer's recommended course of treatment," not on McCoy's failure to adhere to that course of treatment.

      *iv. Inconsistency between complaint and opinion.* Dr. Rohrer reported in November 2008 that McCoy's primary symptom was "poor sleep" (R. 741), but McCoy denied being tired during the day and denied taking naps (R. 736). The ALJ found that such treatment records were inconsistent with Dr. Rohrer's opinion that McCoy would require an unreasonable number and length of rest breaks. (R. 33, 741.) This reason was not addressed in Plaintiff's objections.

 Plaintiff also asserts that remand is required because the ALJ allegedly failed to consider any of the factors set forth in 20 C.F.R. § 404.1527(d)(2)-(6) before rejecting the treating

5

physicians' opinions. (Dkt. 10 (citing *Cole*, 661 F.3d 931.)) Plaintiff maintains that an examination of the factors set forth in § 404.1527(d)(2) would have revealed that the factors weigh in favor of crediting Dr. Rohrer's opinion. While the ALJ did not explicitly consider all of the factors, he did identify several reasons for rejecting Dr. Rohrer's opinion, including reasons relating to two of the factors: supportability of the opinion and consistency of the opinion with the record as a whole. While one of the ALJ's reasons, Dr. Rohrer's alleged failure to define terms, was incorrect, the Court finds that the other reasons were supported by substantial evidence in the record. Because the ALJ provided several reasons for rejecting Dr. Rohrer's opinion, the Court finds that the ALJ's failure to consider all of the factors constitutes harmless error. *See Wilson*, 378 F.3d at 547.

Plaintiff also asserts that the ALJ was not permitted to rely exclusively on the contradictory opinion of the non-examining psychologist, Dr. Hamrick. According to Plaintiff, the Sixth Circuit has repeatedly downplayed the value of opinions from non-examining sources. The Magistrate Judge correctly decided that the ALJ did not err in adopting the opinions of Drs. Hamrick, Lucas, and Lyon. The findings of Drs. Lucas and Lyon did not support Dr. Rohrer's opinion, and Dr. Hamrick, as the medical expert, had the opportunity to review the entire record.

### 2. *Treating Primary Care Physician*

Plaintiff also argues that the Magistrate Judge erred when he concluded that the ALJ properly rejected the opinions from McCoy's treating doctor, Dr. Tribuzio. Plaintiff argues that the ALJ failed to fully and fairly develop the record and that he should have sought additional information from Dr. Tribuzio. However, the claimant has the burden of placing a "complete and detailed" record before the ALJ. *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986).

As the Magistrate Judge concluded, the ALJ properly considered Dr. Tribuzio's treatment notes and the lack of any documented clinical findings. It was not improper to discount Dr. Trubuzio's statement of disability when presented with treatment notes that failed to provide objective evidence to support that opinion. The ALJ's decision is supported by substantial evidence. He properly relied on the reviewing physicians Drs. Morford, Bancks, and Green, in addition to the medical expert, Dr. Barquet.

### B.  Credibility Determinations

The ALJ found that McCoy's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity test." (R. 29.) Citing this statement, Plaintiff asserts that the ALJ improperly compared McCoy's statements with the residual functional capacity assessment rather than the evidence of record. (Dkt. 22 at 6.) A more careful review of the ALJ's decision reveals that the above statement merely describes the ALJ's conclusion, which is followed by the record-based reasons for the ALJ's credibility determination. (R. 29–30.)

The ALJ stated that there was no physiological basis for McCoy's back impairment, specifically her inability to work due to "constant" back pain. (R. 29.) Plaintiff points out that the ALJ concluded that there was sufficient evidence to find that her "history of degenerative disc disease" constituted a severe impairment. (R. 21.) It is not clear why the ALJ did not discuss the degenerative disc disease in the credibility section of his decision, but, considering his decision as a whole, he apparently found that McCoy's history of degenerative disc disease did not constitute a basis for "constant" back pain.

Plaintiff also asserts that the ALJ erred when he concluded that McCoy's testimony was not supported by the documented clinical findings of Drs. Rohrer and Tribuzio. As to Dr. Tribuzio's lack of documented clinical findings, Plaintiff maintains that "the ALJ failed to

7

develop the record." (Dkt. 22 at 9.) As noted above, however, the claimant has the burden of creating a complete and detailed record. While Plaintiff points out that the record contains Dr. Rohrer's clinical findings, the ALJ reasonably determined for credibility purposes that such findings did not support McCoy's testimony concerning the severity of her symptoms.

According to Plaintiff, the ALJ also erred when he found McCoy to be not credible based on inconsistent statements made about her living situation and marijuana use. Plaintiff points out that the ALJ did not ask McCoy to clarify these statements. The ALJ also noted reports that McCoy presented as "histrionic" and was found to be an unreliable historian at times. Plaintiff states that histrionic personality disorder is a real medical condition and maintains that there is no evidence that McCoy purposefully exaggerated her symptoms. (Dkt. 22 at 10.) Even if McCoy did not purposefully exaggerate her symptoms, the ALJ reasonably considered Dr. Hamrick's testimony that histrionic personality disorder involves a tendency to be overly dramatic or to exaggerate. (*See* R. 30.)

In conclusion, the Court finds that the ALJ "properly considered whether objective medical evidence supported [McCoy's] allegations of disabling pain. Further, the [ALJ] considered [McCoy's] inconsistent statements . . . in addition to statements made by treatment providers that [McCoy] exaggerated her symptoms. As a result, the [ALJ's] credibility determination is supported by substantial evidence." (Dkt. 20 at 36–37.)

### C. **Conclusion**

Upon *de novo* review in accordance with the provisions of 28 U.S.C. § 636(b)(1)(B), the Court **ADOPTS** the Magistrate Judge's March 30, 2012 Report and Recommendation (Dkt. 20) and **AFFIRMS** the decision of the Commissioner**.**

The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for Defendant.  This action is hereby **DISMISSED.**

**IT IS SO ORDERED.**

<u>**/s/ Peter C. Economus  -  July 2, 2012**</u>
**UNITED STATES DISTRICT JUDGE**